IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Kalvin Donnell Coward,  )
    Plaintiff,  )
  )
v.  )  1:10cv147 (LMB/TRJ)
  )  Appeal No. 11-6754
John Jabe, et al.,  )
    Defendants.  )

## MEMORANDUM OPINION

Kalvin Donnell Coward, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RULIPA"), 42 U.S.C. § 2000cc-1 et seq., by (1) refusing to recognize the Nations of Gods and Earths ("NOGE") as a religion, (2) failing to follow proper procedures while processing plaintiff's request that the NOGE be recognized as a religion at his correctional institution, (3) confiscating allegedly religious material entitled "The Harlem Six" from plaintiff's mail, and (4) confiscating "Five Percenter literature"[1] from plaintiff's mail.

By Memorandum Opinion and Order dated May 11, 2011, the Court granted summary judgment in favor of defendants on all four claims. ECF No. 42. Specifically, the Court held that defendants were entitled to summary judgment on claims (1) and (2) because the defendants demonstrated that their policy of classifying NGE as a gang and not a religion was the least restrictive means of furthering the compelling governmental interest of security in the prison environment. Id. at 6–7. Regarding claims (3) and (4), the Court held that the defendants were

---

[1] NOGE Adherents are also commonly known as "Five Percenters."

entitled to summary judgment because plaintiff offered no facts to demonstrate that he felt pressure to modify his behavior or change his beliefs as a result of defendants' confiscation of his NOGE materials, and therefore failed to bear his burden of proving his exercise of religion was substantially burdened. Id. at 8–9. Importantly, for purposes of the Memorandum Opinion and Order, the Court assumed without deciding that NOGE was covered by RLUIPA and that Coward was a sincere adherent. Id. at 7.

On appeal, the United States Court of Appeals for the Fourth Circuit vacated the judgment in favor of defendants. The Fourth Circuit explained:

> The district court erred in granting summary judgment on different grounds than those raised in the motion for summary judgment without notice and a reasonable time to respond. See Fed. R. Civ. P. 56(f). We further conclude that Defendants did not demonstrate in the summary judgment record that their refusal to recognize NOGE as a religion was the least restrictive means of furthering a compelling governmental interest, given the district court's assumption that NOGE is covered by RLUIPA. See Smith, 578 F.3d at 254. Moreover, we are unable to conclude that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law as to whether the confiscation of Coward's NOGE materials under a policy of zero tolerance to gangs and gang literature was a substantial burden on his religious exercise. See Fed. R. Civ. P. 56(a); Lovelace, 472 F.3d at 187–89.

Coward v. Jabe, et al., No. 11-6754, 2012 WL 1224111 (4th Cir. Apr. 12, 2012) (per curiam), ECF No. 65. The Fourth Circuit remanded the case to this Court for further proceedings.

By Order dated May 10, 2012, this Court stayed further proceedings in this action pending resolution of a similar case, Versatile v. Johnson, 474 F. App'x. 385 (4th Cir. 2012), aff'd No. 3:09-cv-120 (HEH/MHL), 2011 WL 5119259 (E.D. Va. Oct. 27, 2011) (affirming for the reasons stated by the district court). In light of the decision in that case, decided on July 20, 2012, defendants' Motion for Summary Judgment will be granted.

## I. Background

Coward was incarcerated at Greensville Correctional Center when this action commenced. See Compl. 4, ECF No. 1. He "became a member of the Nations of Gods and Earths in 1995 and is a sincere student and advocate of the teachings of the Nations of Gods and Earths." Id. at 8. Coward claims that NOGE is "technically a religion" although members of NOGE do not refer to it as such. Id. He explains that, as a member of NOGE, plaintiff has the "duty and obligation to practice certain activities," which include, inter alia, "teaching others about the knowledge of who God is," observing holy days, and gathering with other NOGE members on a monthly basis to "make collective decisions and help one another learn their lessons." Id. at 9.

Coward contends that the defendants have placed a substantial burden on his right to practice and observe the central tenets of NOGE. Id. In claim (1), Coward explains that he submitted a "Request for DOC Recognition of Religious Group" on December 15, 2008 and later filed informal complaints, grievances, and appeals seeking to add NOGE to the religious approval list. Coward explains that these complaints, grievances, and appeals were handled at various times by defendants Holloway, Woods, Sivels, and Jabe, and that all of these requests were denied. Id. at 10–11. Claim (2) concerns similar requests and appeals he sent directly to defendant Holloway. Id. at 15–17.

In claim (3), Coward argues that defendants substantially burdened his right to practice his religion when they confiscated from his mail an article entitled "The Harlem Six[,]" which is "a history lesson" about the NOGE. Id. at 18–19. Coward filed an informal complaint and grievance about this issue. Defendant Clyde R. Alderman deemed the grievance to be

3

unfounded, reasoning that even though the letter referenced an article, there was no way to determine whether the article had been enclosed with his mail. Defendant A. D. Robinson upheld this decision. Id.

Finally, in claim (4) Coward argues that his rights were violated when his incoming mail was confiscated on July 16, 2009 because it contained three pages of Five Percenter literature, which is not approved correspondence. Id. at 19–20. Coward was never informed who sent the mail or the address from which it came, despite filing an informal complaint, grievance, and appeal requesting that information, which were denied by defendants Holloway and Robinson. Id. Coward argues that Five Percenter materials cannot be considered contraband because that designation violates his rights as a member of NOGE, which was formerly known as the Five Percenters. Id. at 21.

Coward seeks injunctive relief "ordering the defendants to immediately refrain from all actions...that has [sic] placed the substantial burden upon Plaintiff, and all members of [NOGE] here at [Greensville Correctional Center], to observe and practice all of the tenets of our God Centered Culture (Religion) as described . . . [to] allow us the full cultural/religious freedom as all other approved religions by VDOC and that is set out in [RLUIPA]." Id. at 22.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving

party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Under RLUIPA, the government is prohibited from acting in ways that impose a "substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that the imposition of that burden furthers a "compelling

governmental interest" by the least restrictive means. 42 U.S.C. § 2000cc-1(a)(1)–(2). Although RLUIPA does not define the term "substantial burden," the United States Court of Appeals for the Fourth Circuit has held that, under RLUIPA, a "substantial burden on religious exercise occurs when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quoting Thomas, 450 U.S. at 718). "On the opposite end of the spectrum . . . a government action or regulation does not rise to the level of a substantial burden on religious exercise if it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed." Adkins v. Kaspar, 393 F.3d 559, 570 (5th Cir. 2004). "Religious exercise" in this context includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

A plaintiff asserting a claim under RLUIPA bears the initial burden of showing by a preponderance of the evidence that: (1) he or she seeks to engage in an exercise of religion; and (2) the challenged practice substantially burdens that exercise. 42 U.S.C. § 2000cc-2(b). Once the plaintiff establishes a *prima facie* case, the burden of persuasion shifts to the defendants to show that their practice is the least restrictive means of furthering a compelling government interest. Lovelace, 472 F.3d at 185 (citing 42 U.S.C. § 2000cc-1(a)). Although RLUIPA forbids judicial inquiry into the question of whether a particular belief or practice is "central" to a prisoner's religion, 42 U.S.C. § 2000cc-5(7)(A), only beliefs or practices that are both sincerely held and rooted in religious belief fall under the protection of RLUIPA. See Cutter v. Wilkinson, 544 U.S. 709, 725 n. 13 (2005) (noting that under RLUIPA, "prison officials may

appropriately question whether a prisoner's religiosity, asserted as a basis for a request for accommodation, is authentic" and whether his "professed religiosity" is "sincere"). Moreover, courts are required to give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of cost and limited resources." Id. at 723.

The Fourth Circuit's holding in Versatile v. Johnson renders plaintiff's argument moot. In that case, as here, a prisoner alleged that employees of the Virginia Department of Corrections ("VDOC") unlawfully impeded the exercise of his religion by banning NOGE texts and periodicals and by violating VDOC regulations governing the processing of requests for recognizing NOGE as a religion. Versatile v. Johnson, No. 3:09-cv-120 (HEH/MHL), 2011 WL 5119259, at *1 (E.D. Va. Oct. 27, 2011), aff'd, 474 F. App'x. 385 (4th Cir. 2012). The Court found that NGE is not a religion for the purposes of RLUIPA but rather "is more of a social or cultural movement . . . ." Id. at *13–14. Specifically, it held that

> Versatile has failed to demonstrate, even by a preponderance of the evidence, that [NOGE] contains a unifying comprehensive set of beliefs about ultimate matters, includes metaphysical beliefs, upholds a universal moral or ethical code, or possesses traditional indicia of religiosity. The evidence presented by the parties thus demonstrates that [NOGE] should be distinguished from those systems of belief protected by RLUIPA.

Id. at *17. Accordingly, it granted summary judgment for the defendants in that case, and the Fourth Circuit affirmed.

Because it has been determined that NOGE is not a religion, plaintiff's claims concerning defendants' failure to recognize NOGE as a religion and decision to confiscate NOGE materials from his mail do not trigger protection under RLUIPA.

A. Claims (1) & (2): Recognizing NOGE as a Religion

Plaintiff's first two claims fail the first prong of the analysis under RLUIPA, which requires that a plaintiff seeks to engage in an exercise of religion. Because NOGE is not a recognized religion but is instead "more of a social or cultural movement[,]" Versatile, 2011 WL 5119259, at *14, plaintiff was not seeking to engage in an exercise of religion when he requested that officials recognize NOGE as such. Therefore, the defendants' decision not to recognize NOGE as a religion did not place a substantial burden on plaintiff's religious exercise. Accordingly, defendants' Motion for Summary Judgment will be granted as to claims (1) and (2).

B. Claims (3) and (4): Confiscating NOGE Materials

It follows that, because NOGE is not a religion, plaintiff's third and fourth claims also fail the first prong of the RLUIPA analysis. When he received NOGE publications in the mail, he was not engaging in the practice of a religion;[2] therefore, the VDOC policy to confiscate NOGE publications did not substantially burden plaintiff's religious exercise. Accordingly, he is not entitled to protection under RLUIPA for these claims, and defendants' Motion for Summary Judgment will be granted as to all claims.

---

[2] It should be noted that, as to Versatile's claim regarding VDOC's decision to ban NOGE periodicals and materials, the Court found that

> [e]ven if the Court were to find or assume that [NOGE] is a religion protected by RLUIPA, Versatile's claims fail if Versatile cannot demonstrate that the challenged procedures substantially burdened his religion or if VDOC can demonstrate that the challenged procedures are the least restrictive means to further compelling interests.

Versatile, 2011 WL 5119259, at *17. The Court held that VDOC regulations regarding publication approval were the least restrictive means of furthering its compelling interest in security. Id. at *28. Therefore, even if this Court were to assume that NOGE is a religion, it would still grant summary judgment for the defendants as to plaintiff's third and fourth claims.

## IV. Conclusion

For the above-state reasons, defendants' Motion for Summary Judgment will be granted. An appropriate order shall issue.

Entered this 19th day of December 2012.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia